LOLLEY, J.,
dissenting.
b The central issue in this case, as the majority recognized, comes down to who had possession of the trailer when the act of littering was committed. While the majority opinion states that Daniel Lee Gibbs could not have known whether the mobile home was roadworthy, this issue is a red herring. Commercial littering is a strict liability crime only requiring an act in violation of the statute. Whether or not Gibbs properly inspected the trailer prior to moving it is largely irrelevant.
The majority relies solely upon the testimony of defendant Gibbs and his employee Jason Moore to establish that possession of the trailer had passed to its owner, Terry Harris. The majority’s reversal of the trial court’s finding that possession remained with Gibbs is wrong for the following reasons.
First, as discussed in the original opinion, the element of intent, fundamental to a finding that Harris took possession, is not supported by the record. The record clearly shows that while the mobile home was attached to Gibbs’ truck, he refused to move it further until repairs were made. Whether or not Harris voiced consent, as Gibbs and Moore testified, or resisted Gibbs’ decision is irrelevant. One cannot accept where no offer has been made. The majority here has mistaken Harris’s submission for a voluntary act of acceptance. Assuming, arguendo, that Gibbs voluntarily transferred possession to Harris, the record still does not support a credible transfer of possession because Gibbs concealed the fact that the mobile home could not be repaired. Thus, the record only shows that Harris was present when Gibbs removed the mobile home from his truck. The record |2does not support that Harris had the intent to take possession of the mobile home.
Secondly, a reviewing court must accord great deference to a trier of fact’s decision to accept or reject the testimony of a witness in whole or in part and the reviewing court may impinge on that discretion only to the extent necessary to guarantee *401 the fundamental due process of law. Here, the trial court heard the testimony of Deputy James Hendricks, Daniel Lee Gibbs and Jason Moore, judged their credibility, and determined that Gibbs had possession of the motor home when he abandoned it. The majority has erroneously substituted its appreciation of the evidence based on a cold review of the transcript for that of the trial court’s judgment based on firsthand observation. Deputy Hendricks’ testimony concerning the abandonment of the mobile home, which the majority has ignored in its review, is as follows:
Q. Just to be clear, so did you ask [Gibbs] if he had been paid by Terry Harris to move that trailer?
A. Yes, sir.
Q. What did he say to this?
A. He said that he did get paid to move it, and then I think he ended up giving the money back to Terry Harris.
Q. And he also admitted to you that he was driving it?
A. Correct.
Q. Or moving it?
A. Moving. His company.
Q. And at that time, he was the one that left it on the side of the road; is that correct?
|sA. Yes, sir.
Because the trial court was in a better position to judge the testimony of all the witnesses, its decision to credit the testimony of Dep. Hendricks who investigated the crime over the self-serving testimony of the defendants should not be impinged upon absent circumstances threatening the fundamental due process of law.
For these reasons, I respectfully dissent.